UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Docket No. 3:94CR112(EBB) |
| GILBERTO RIVERA | : |

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Gilberto Rivera ("Rivera"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Rivera seeks resentencing under Amendment 706, which retroactively altered guideline § 2D1.1 to reduce the sentencing range applicable to crack cocaine offenses. Rivera maintains that pursuant to the Amendment he is entitled to a two level reduction in his § 2D1.1 base offense level, which would result in a 30-month reduction in his sentence. The government asserts that a sentence reduction is not authorized under § 3582(c)(2), because Rivera was sentenced as a career offender and thus application of the Amendment would not have the effect of lowering his applicable guidelines sentencing range. The court agrees, and for the following reasons, denies his motion [doc. # 1977].

I.      **Factual and Procedural Background**

Rivera was convicted after a lengthy jury trial of conspiracy to distribute heroin, cocaine, and cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(a). Rivera's Presentence Report ("PSR") calculated an initial base offense level of 38 under § 2D1.1 because his relevant conduct under § 1B1.3 involved more than 1.5 kilograms of crack cocaine. No

adjustments were made and his adjusted offense level remained at 38. The PSR also calculated a criminal history category of VI because of his status as a career offender pursuant to § 4B1.1(1)(2)(3). With a § 2D1.1 offense level of 38 and a criminal history category VI, his guideline sentencing range was 360 months to life. However, because he was designated a career offender, his sentencing range had to be determined under U.S.S.G. § 4B1.1. Under § 4B1.1, his offense level was calculated at 37, which, with a criminal history category VI, would yield a sentencing range of 360 to life. But because his offense level under § 4B1.1 was not greater than his § 2D1.1 offense level, the higher offense level under § 2D1.1 had to be used. See U.S.S.G § 4B1.1(b) (providing that the offense level for a career offender under § 4B1.1 was applicable only if it was greater than the offense level otherwise applicable). Based on a total offense level of 38 and a criminal history category VI, Rivera's then-mandatory guidelines sentencing range was 360 months to life imprisonment.

Rivera was sentenced on September 10, 1996. At sentencing, the court (Nevas, J.) found that Rivera was a career offender. (Statement of Reasons ("SOR") at ¶ I; Sentencing Tr. ("Tr.") passim). The court also adopted the guideline calculations set forth in the PSR and found that Rivera's total offense level was 38 and his criminal history category was VI, which yielded a sentencing range of 360 months to life. (SOR ¶ III). The court denied his request for a downward departure under § 5K2.13 based on diminished capacity, but found that he suffered from some sort of mental illness that may have played a role in the commission of the offense and thus granted a three level downward departure pursuant to §§ 5H1.3 and 5k2.0, (SOR ¶ IV), which reduced his total offense level to 35. With his criminal history category of VI, his resulting guideline sentencing range was 292 to 365 months. (Id.) Based on that range, the court

imposed a sentence of 292-months imprisonment and five years supervised release. Rivera is currently scheduled to be released from incarceration in February 2017.

**II. Section 3582(c)(2) and Amendment 706**

In November 2007, the Sentencing Commission amended the crack cocaine guideline by revising the drug quantity table at § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). The Amendment generally reduces the base offense levels for crack cocaine convictions under § 2D1.1(c) by two levels. Because the Amendment was made retroactive, the court is only authorized by 18 U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statements only permit a sentence reduction if the Amendment has the effect of lowering a defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a). Even if the Amendment is applicable to a defendant, a sentence reduction is not authorized if it would "not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision* (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 n.1(A) (emphasis added).

The career offender guideline under § 4B1.1 is another guideline provision and thus Amendment 706 would not lower a defendant's applicable guideline range if the § 4B1.1 guideline range applies. E.g., United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (holding that a career offender is not eligible for a sentence reduction based on Amendment 706 because it only decreased the § 2D1.1 base offense level for crack cocaine offenses -- whereas a reduction in sentence was only authorized if a defendant's sentencing range was lowered by recalculatiing that sentencing range on the basis of the amended offense level) (emphasis in original). In other

words, even if Amendment 706 authorizes a two level reduction in a defendant's base offense level under § 2D1.1(c), his applicable guideline range as a career offender under § 4B1.1 would not change. The only exception is when a defendant is designated a career offender, but is granted a § 4A1.3 downward departure on a finding that the career offender classification overstated his criminal history and he is ultimately sentenced on the basis of the crack cocaine guidelines. United States v. McGee, 553 F.3d 225, 227 (2d Cir. 2009).

In determining whether a reduction is warranted under the Sentencing Commission's applicable policy statements, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

### III. Determination of Whether a Reduction is Warranted

Here, despite Rivera's arguments to the contrary, his sentence was not based on a range that was subsequently lowered by the Sentencing Commission because it was based on his status as a career offender under § 4B1.1, not on the basis of the crack cocaine guidelines under § 2D1.1. Although technically Rivera's sentence was calculated by adopting § 2D1.1's offense level 38, rather than § 4B1.1's offense level 37, this was only because § 4B1.1 required application of the higher offense level. See U.S.S.G. § 4B1.1(b). It is now settled that "the term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." United States v. Martinez, — F.3d — , No. 08-3454-cr, 2009 WL 2004208, at *2 n.3 (2d Cir. July 13, 2009) (quoting and adopting United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) and holding that "to determine which Guideline a defendant's sentence is based on we look only

to the end result of the overall calculus – the career offender sentence – and not to the "interim" steps taken by the District Court").

Calculating the guideline range that would have been applicable to Rivera if Amendment 706 had been in effect at the time he was sentenced results in a pre-departure guideline range that is the same as it was when he was sentenced in 1996. Thus, a reduction in Rivera's sentence would not be consistent with the applicable policy statement, and would not be authorized under § 3582(c)(2), because § 2D1.1 "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

It is true that application of the amended guidelines would result in a two level reduction of Rivera's § 2D1.1 base offense level for the quantity of crack cocaine involved – from 38 to 36. But his offense level as a career offender under § 4B1.1, which was not affected by the Amendment, would still be 37. And because his offense level as a career offender under § 4B1.1 would now be greater than the offense level under § 2D1.1, the court would be required to use that level. Based on offense level 37 and criminal history category VI, his resulting guidelines sentencing range would be 360 months to life, which is the same as it was when he was sentenced in 1996. Thus, the crack cocaine amendment would not have the effect of lowering Rivera's applicable guideline range within the meaning of § 1B1.10, and resentencing is not authorized. See United States v. Keith, Nos. 08-1821-cr, 08-2708-cr, 2009 WL 962282, at *2 (2d Cir. Apr. 10, 2009) (holding that § 1B1.10(a)(2)(B) did not authorize the defendant's sentence reduction even if Amendment 706 reduced his offense level from 40 to 38, because "his criminal history category – which Amendment 706 does not change– would still impose a guideline range of 360 months to life") (emphasis in original); United States v. Williams, 551

F.3d 182, 185 (2d Cir. 2009) (noting that a defendant's sentence is not based on a range that was lowered by the Sentencing Commission where "the range upon which [his] sentence was based is unaffected by the change in his base offense level").

Because Rivera is not eligible for resentencing under Amendment 706, his argument that his offense level 37 should be further reduced by three levels to reflect his original downward departure under §§ 5H1.3 and 5K2.0, which would result in a sentencing range of 262 to 327 months, is unavailing. Unless a defendant gets over the initial eligibility hurdle for resentencing, the court has no jurisdiction to go further and consider any grounds for a downward departure. See Bowman v. United States, No. 92CR392(PCL), 2009 WL1851339, at *2 (S.D.N.Y. June 24, 2009); United States v. Davis, No. 1:05-cr-55-TS, 2008 WL 4936985 (N.D. Ind. Nov. 17, 2008) (citing, among other circuit court cases, United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008)).

Further, there is no indication in the record, either in the PSR, the SOR, or the transcript of his sentencing hearing,[1] that the court sentenced Rivera on the basis of a guideline range that

---

[1] The transcript indicates that the court found Rivera's offense level to be 38 based on the fact that the career offender offense level was "trumped" by the court's finding that the drug quantity involved called for application of offense level 38. (Tr. at 15).
Moreover, in connection with its downward departure, the court expressed its dissatisfaction with the sentencing guidelines' failure to take into consideration the fact that defendants, like Rivera, with bad records, who are sentenced in their 20s to lengthy terms of imprisonment, tend to "burn out" by the time they are in their mid-to-late 40s and if released at that time, would generally not engage in criminal activity, but because there was no parole, they had to remain incarcerated well into their 50s or 60s. This made no sense to the court, whereas under the "old [parole] system, if you gave somebody like Rivera with a bad record a long sentence, at some point the parole commission can come along and say, well he's 50 years old, he's 52, he's adjusted well to life in prison, he's basically burned out. He isn't going to go back out on the street and deal drugs and assault police officers, we'll let him out, we'll put him on parole, see how he does [and] if he doesn't do well, we'll bring him back. If he does well, fine, he's out of the system. And you can't do it now and that's a real problem for the court in

would have applied if he was not designated as a career offender, or that the court would have considered a different sentence from the one imposed if the Amendment had been in effect. And because the court's downward departure was not based on a finding that his career offender status overrepresented his criminal history, but was based on a finding that he suffered from some sort of mental illness that may have played a role in the commission of the offense, McGee is inapposite. Cf. 553 F.3d at 227 (holding that if a defendant's career offender designation does not determine his sentence range because of a § 4A1.3(b) departure, then § 2D1.1, rather than § 4B1.1, applies for the purpose of a sentence reduction).

### IV. Conclusion

For the foregoing reasons, Rivera's motion for resentencing [doc. # 1977] is DENIED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ

/ ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

---

sentencing." (Tr. at 28-29).
    Further, the transcript shows that the court said nothing during the entire sentencing hearing to indicate that its sentence was based on the drug quantity involved, or on the crack/powder disparity, or that it believed Rivera's career offender status overstated his criminal history. (Tr. passim).