UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Docket No. 3:94CR112(EBB) |
| GILBERTO RIVERA : | |

RULING ON MOTION FOR RECONSIDERATION

The defendant, Gilberto Rivera ("Rivera"), has moved for reconsideration of the Court's ruling denying his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a guideline range that has been subsequently lowered by the Sentencing Commission. The Court ruled that Rivera was not entitled to a sentence reduction under the crack cocaine amendment ("Amendment 706") because his sentence was not based on the crack cocaine guidelines, but was based on the career offender guidelines.

Contrary to Rivera's assertion, the Court did not misconstrue the applicable case law or the plain language of the statute and sentencing guidelines, and for the following reasons, adheres to its prior ruling in all respects.

I.  **Factual Background**

The facts and circumstances surrounding Rivera's sentencing are set forth in the Court's prior ruling and will not be repeated herein in their entirety. For purposes of this motion, the relevant facts are that Rivera was sentenced to 292-months incarceration and five years of supervised release after his trial and conviction of conspiracy to distribute heroin, cocaine, and cocaine base (crack).

His PSR calculated his initial base offense level of 38 under § 2D1.1 based on a quantity of crack cocaine in excess of 1.5 kilograms of crack cocaine. His criminal history category was VI because of his status as a career offender pursuant to § 4B1.1(1)(2)(3). With a § 2D1.1 offense level of 38 and a criminal history category VI, his guideline sentencing range under the crack cocaine guidelines was 360 months to life. However, because Rivera was a career offender, his guideline range was calculated pursuant to § 4B1.1. Under that section, his offense level was 37 and with his criminal history category VI, his sentencing range was also 360 to life. But, pursuant to § 4B1.1(b), which provides that the offense level for a career offender under § 4B1.1 only applies if it is greater than the offense level otherwise applicable, *i.e.*, the offense level under § 2D1.1, Rivera's higher offense level under § 2D1.1 became the applicable guideline range. Based on a total offense level of 38 and a criminal history category VI, Rivera's applicable guideline sentencing range was 360 months to life imprisonment.

At sentencing, the Court found Rivera was a career offender. It adopted the guideline calculations set forth in the PSR and found that Rivera's total offense level was 38 and his criminal history category was VI, which yielded a sentencing range of 360 months to life. The court denied his request for a downward departure under § 5K2.13 based on diminished capacity, but found that he suffered from some sort of mental illness that may have played a role in his criminal conduct and granted a three-level downward departure pursuant to §§ 5H1.3 and 5k2.0, which reduced his offense level to 35 and his resulting sentencing range to 292 to 305 months.

**II.   Discussion**

Rivera now asserts that the Court was mistaken in concluding that he was not entitled to a reduced sentence under the crack-cocaine amendment because the applicable guideline range on

which his sentence was based was the pre-departure, career offender guideline range. According to Rivera, if the crack cocaine amendment were in effect at the time he was sentenced, his base offense level under § 2D1.1 would be reduced from 38 to 36. But his offense level under § 4B1.1 would remain at 37, and because that level would then be higher than the § 2D1.1 level, it becomes the applicable guideline level pursuant to § 4B1.1(b). Thus, he argues, as a result of the lower crack cocaine guidelines, his pre-departure offense level would now be 37, not 38 as it was previously, and after a three-level downward departure under §§ 5H1.3 and 5k2.0, his applicable sentencing range would be 34, not 35, which would result in a 262-month sentence (the low end of the resulting range). This argument is baseless and is not supported by case law or the guidelines. Indeed, even if it could be said that the crack cocaine guideline may have had some affect on his sentence, it cannot be said that his applicable guideline range was based on the crack cocaine guideline because, "for purposes of § 3582(c)(2) motions involving Amendment 706, a sentence is 'based on' the § 2D1.1 sentencing range when § 2D1.1 produces the defendant's 'applicable guideline range.' " United States v. Darton, 595 F.3d 1191, 1194 (10th Cir. 2010).

Contrary to Rivera's claims and his statutory construction argument, a reduction in his sentence under the crack cocaine amendment would be inconsistent with the Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10 (c), because the crack-cocaine amendment does not have the effect of lowering the guidelines range on which his sentence was based, *i.e.,* § 4B1.1. "[A] sentence is 'based on' a sentencing range that has been lowered, within the meaning of section 3582(c)(2), when that range is calculated by starting with a base offense level for crack cocaine offenses and making any appropriate offense level adjustments, not when the crack cocaine sentencing range is examined only to determine if the career offender

sentencing range is higher." United States v. Richardson, 339 Fed. Appx. 60, 61-62 (2d Cir. 2009) (agreeing with United States v. Caraballo, 552 F.3d 6, 9-11 (1st Cir. 2008);. United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008); United States v. Lidell, 543 F.3d 877, 882 n.3 (7th Cir. 2008), United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008)). As the Second Circuit held in United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009), "a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendment to the crack cocaine guidelines."

Moreover, to the extent Rivera argues that where the court grants a downward departure, the "applicable sentencing range" is the range that is calculated after the departure is made, that argument is wrong. Rather, the "applicable guideline range" is the range calculated after determining the defendant's total offense level and criminal history, but before any departures. When a court makes a departure, it imposes a sentence that is outside the applicable guideline range. A court cannot make a departure to an applicable guideline range, it can only depart from an applicable guideline range. United States v. Tolliver, 570 F.3d 1062, 1066 (8th Cir. 2009) (holding that a departure from the career offender guideline range is categorically outside the "applicable guideline range"). Although a sentencing court may depart and impose a sentence below the "applicable guideline range" the court must first calculate the "applicable guideline range." "That process entails applying each guideline provision relevant to the particular defendant's offense and criminal history category, including the career-offender provision of § 4B1.1, and then determining the range provided by the sentencing table in Chapter 5, Part A of the guidelines." Darton, 593 F.3d at 1197. For the purpose of a sentence reduction under §

3582(c)(2), the "applicable guideline range and the range upon which a sentence is based, is . . . the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures." Id.

Further, Rivera's reliance on McGee, 553 F.3d 225, 227 (2d Cir. 2009), is misplaced. Unlike McGee, in Rivera's case the court never stated that it was departing downward because his career offender status overrepresented his criminal history.

### III.  Conclusion

For the foregoing reasons, Rivera's motion for reconsideration [doc. # 2028] is GRANTED.  Upon reconsideration, the court adheres to its prior ruling denying Rivera's motion for reduction in sentence.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 24 day of March, 2010.